

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

01 JAN 30  AM 10: 12

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| FELICIA CLEVELAND, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-00-N-2412-W |
| | ] | |
| COUNTY OF TUSCALOOSA, ALABAMA, et al., | ] | |
| | ] | |
| Defendants. | ] | |

**ENTERED**

JAN 3 0 2001

## MEMORANDUM OF OPINION

### I.    Introduction.

The court has for consideration defendant's Motion to Dismiss Count I [Doc. 5] and Motion to Dismiss Count IV Against Doster McMullen in his Individual Capacity [Doc. 7]. The motions have been fully briefed and are ripe for decision.  Both of defendant's motions will be **GRANTED**.

### II.    Statement of Facts.

Plaintiff was employed by the Tuscaloosa County Tax Assessor's office.  Plaintiff alleges four counts in the Complaint: conspiracy motivated by sexual animus committed under the color of state law; retaliation § 1983 (1st Amendment) and Title VII; defamation; and (direct and vicarious liability sexual harassment/hostile working environment) 42 U.S.C. § 1983, (Equal Protection) 2000(e) and Title VII.



## III. Motion to Dismiss Count I

Count I of the Complaint states:

14. Doster McMullen, in concert with other employees of the County of Tuscaloosa, all acting in their official capacity did willfully and with reckless disregard transmit pornographic material by e-mail in violation of 42 U.S.C. Section 1985(3), which they knew or should have known would be viewed by the Plaintiff.

15. Doster McMullen, in his official capacity in concert with other employees of the County of Tuscaloosa, all acting in their official capacity, did transmit pornographic material they knew or should have known to be so repugnant as to be objectively offensive in violation of 42 U.S.C. Sections 1981, 1985(3) and 1983.

16. The pornography was so sever and pervasive that it adversely affected the Plaintiff's work and was the direct and proximate cause of the Plaintiff's emotional distress.

Defendant's allege the intracorporate conspiracy doctrine bars this count. Specifically, McMullen, the Tuscaloosa Tax Assessor, cannot be part of a conspiracy with other employees of Tuscaloosa county. Plaintiff counters that McMullen is actually an agent of the state of Alabama, not Tuscaloosa county.

Actors who are part of a single county entity cannot conspire amongst themselves. *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 768 (11th Cir. 2000) (finding that a "County jail and its employees are considered to constitute a single legal entity that cannot conspire with itself). Plaintiff provides the court with no evidence that the Tuscaloosa County Tax Assessor is an employee of the state of Alabama. Moreover, plaintiff indicates in her complaint that McCullen acted in concert with *other* employees of the County of Tuscaloosa, indicating that he is an employee of the county. Although the court can find no

- 2 -

one source which states that a county tax assessor is an employee of the county, the Alabama Constitution and case law support such a conclusion. In the case *In re Opinions of Justices. In re County Officers*, 225 Ala. 359 (Ala. 1932), the Alabama Supreme Court held that a "county officer" included the position of Jefferson Tax Assessor for the purposes of interpreting Amendment Two of the Alabama Constitution, which discusses the power of the legislature to determine salaries, etc. *Id.* at 360. The Alabama Supreme Court overruled the case in 1987 for other reasons. *Parker v. Amerson*, 519 So. 2d 442 (Ala. 1987) (holding that a sheriff is not a county employee for the purposes of determining liability under a theory of respondeat superior). In addition, the position of tax assessor is not listed in the Constitution of Alabama as being part of the executive department. ALA. CONST. of 1901, art. V, § 112 (1975). Finally, in an amendment to the Alabama Constitution providing the legislature with the power to fix the compensation, etc. for the Tuscaloosa Tax Assessor and others, the amendment describes the positions listed as "county officers." ALA. CONST. of 1901, amend. 33 (1975). As a county employee, McMullen cannot conspire with another county employee. Therefore, defendant's motion to dismiss this count is **GRANTED**.

## IV.   Motion to Dismiss Count IV against Doster McMullen   in his Individual Capacity

In Count IV, plaintiff alleges that the County of Tuscaloosa, the State of Alabama, McMullen, and the Tuscaloosa County Commission discriminated against the plaintiff on the basis of sex, in violation of Title VII and 42 U.S.C. § 1983. The conduct of which plaintiff complains consists of her viewing sexually explicit e-mails sent by McMullen to another employee "whose work area and computers were in full view of other employees who while

- 3 -

performing their duties were in view of the offensive computer screens." (Pl.'s Resp. to Def.'s Mot. to Dismiss Count IV against Doster McMullen in his Individual Capacity [Doc. 11] ¶5.) Defendant moves the court to dismiss McMullen in his individual capacity from this count. Plaintiff concedes that Title VII is inapplicable to McMullen in his individual capacity, but insists the section 1983 cause of action should remain.

Defendant argues that there is no "clearly established right" in applicable case law which indicated to McMullen that his conduct was inappropriate. Plaintiff does not cite a factually similar case that establishes such a right,  but maintains such a right exists. Further, plaintiff states that "absent a controlling and factually on-point case, a plaintiff can overcome qualified immunity when the official's conduct lies so obviously at the very core of what the constitutional provision forbids so "'that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law'" (*Id.* ¶9).   In defendant's briefs to the court, defendant stresses the high standard which must be met to overcome qualified immunity, and that no case on point exists to support the establishment of such a right.

The court can find no factually similar case which establishes a clear right which was violated by McMullen. Further, the court does not find the alleged actions of McMullen are at the very core of what the constitution forbids.[1]  Defendant's motion to dismiss Count IV against McMullen in his individual capacity is **GRANTED**.

___

[1] The full sentence cited by plaintiff reads: "unless a controlling and factually similar case declares the official's conduct unconstitutional, an *excessive-force plaintiff* can overcome qualified immunity only by showing that the official's conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of caselaw." *Smith v. Mattox*, 127 F.3d 1416, 1419 (11th Cir. 1997).

An appropriate judgment will be entered this memorandum of opinion.

Done, this __29__ of January, 2001.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE